UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAVID ALLEN KLINKE,

        Petitioner,        6:15-cv-01823-CL

        v.        FINDINGS AND RECOMMENDATION

JEFF PREMO,

        Respondent.

Clarke, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging his convictions for one count of Assault in the Second Degree and one count of Assault in the Third Degree. Petition (#2).

    Respondent moves to deny relief on the ground that petitioner's petition was not filed within the 2 year limitations period prescribed by 28 U.S.C. § 2244(d). Response (#11) p. 1. Petitioner has filed a Brief in Support of

1 - FINDINGS AND RECOMMENDATION

Petition (#15). However, petitioner's brief does not address respondent's statute of limitations argument.

After a jury convicted petitioner, the trial court imposed a sentence of 90 days for the count of Assault in the Third Degree and a consecutive 70 month sentence for the count of Assault in the Second Degree. The judgment of conviction is dated May 6, 2005.

On June 13, 2005, petitioner directly appealed his convictions, but the Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 106 - 111. On July 12, 2012, petitioner appealed his convictions a second time but the Court of Appeals dismissed on its own motion. Exhibits 112 - 114.

Petitioner filed a Petition for Post-conviction Relief on April 28, 20110. (Exhibit 116) but the petition was dismissed at the request of both parties as premature. Exhibits 117, 119.

Petitioner filed a timely Petition for Post-conviction relief on June 21, 2012. The Marion County Circuit Court granted the state's motion for summary judgment and dismissed the petition with prejudice on January 10, 2014. Exhibits 120 - 125.

Petitioner filed the petition in this case on May 28, 2015.

2 - FINDINGS AND RECOMMENDATION

Under § 2244(d), a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus. The one year limitations period is tolled during the time a properly filed state collateral proceeding is pending. Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

Between January 10, 2014, the date of the last post-conviction judgment, and May 28, 2015, the date petitioner signed the petition in this proceeding, 503 days accrued., which exceeds the 365 day limitations period set forth in 28 U.S.C. § 2244(d).

Petitioner's petition (32) should be denied on the ground that it is time barred. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written

3 - FINDINGS AND RECOMMENDATION

objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 13 day of December, 2016.

Mark D. Clarke
United States Magistrate Judge